**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:06-00147** |
| | ) | **Judge Echols** |
| **JERRY C. PENDERGRASS** | ) | |

**MOTION AND INCORPORATED MEMORANDUM**
**FOR A BILL OF PARTICULARS**

Comes now the defendant, Jerry C. Pendergrass, by and through counsel of record, G. Whitney Kemper and G. Kerry Haymaker, and respectfully requests that this Honorable Court enter an order requiring the government to file a bill of particulars for Counts Four through Eleven of the Indictment. Given the factual generalities contained in the Indictment, a bill of particulars is necessary for Mr. Pendergrass to be sufficiently apprised of the nature and scope of the charges against him and to prepare for trial, and also to enable Mr. Pendergrass to plead the protections of the Double Jeopardy Clause if he is later faced with the same charges. Because the specific nature and scope of the charges has not been made evident during the course of discovery, Mr. Pendergrass specifically requests that this Court grant this Motion as justice requires.

**LAW AND ARGUMENT**

In *Russell v. United States,* 369 U.S. 749 (1962), the Supreme Court held that it is not enough that an indictment parrots the relevant statutory language "unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Id.* At 765. The

Indictment Clause of the Fifth Amendment, Indictment Clause and the Notice Clause of the Sixth Amendment, as protected by Rule 7( c) of the Federal Rules of Criminal Procedure, require an inquiry to determine:

> first, whether the indictment "contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet,'" and, secondly, "in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

*Id.* At 763-64 (citations omitted). Rule 7(f) of the Federal Rules of Criminal Procedure provides that "the court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment *or at such later time as the court may permit*. A bill of particulars may be amended at any time subject to such conditions as justice requires." Fed. R. Crim. P. 7(f). (emphasis added).

The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him so that he can prepare for trial. *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976); *see also United States v. Salisbury,* 983 F.2d 1369, 1375 (6th Cir. 1993); *see generally* 1 C. Wright, *Federal Practice and Procedure,*Criminal 3d Sec. 129 (3d ed. 1999). In addition, a bill of particulars will "enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes." *Birmley*, 529 F2d at 108. The test is whether the indictment is sufficiently specific to inform the defendant of the charges against him, to protect him from double jeopardy, and to enable him to prepare for trial. *United States v. Azad,*809 F.2d 291, 296 (6th Cir. 1986). A motion for a bill of particulars is addressed to the sound discretion of the court. *Will v. United States,* 389 U.S, 90, 98-99 (1967).

It is not enough that the government has provided counsel with voluminous records and

documents through discovery.  Counts Four through Seven and Counts Eight through Eleven of the Indictment list "Total Income" and "Total Deductions", respectively,  for various years, but do not indicate which of the many deductions that were claimed are alleged to be fraudulent.  Nor does the indictment allege by how much the "Total Income" is understated.  These counts are simply too vague and non-specific for Mr. Pendergrass to know the exact charge against him and to adequately prepare his defense.  As it was probably best stated by Judge, later Justice, Whitaker in *United States v. Smith,* 16 F.R.D. 372 (D.C. Mo.  1954):

> Nor is it any answer to a motion for a bill of particulars for the government to say: 'The defendant knows what he did, and, therefore, has all the information necessary.'  This argument could only be valid if the defendant be presumed to be guilty.  For only if he is presumed to be guilty could he know the facts and details of the crime.  Instead of being presumed guilty, he is presumed to be innocent. Being presumed to be innocent, it must be assumed 'that he is ignorant of the facts on which the pleader found his charges'.

*Id.* At 375.  As a result, Mr. Pendergrass is entitled to know the details regarding which specific deductions the government alleges are fraudulent with respect to each count of the indictment.  He is also entitled to know by how much he is alleged to have understated his "Total Income".  Although the government has provided in excess of 6,500 pages of discovery in this case, the details of which deductions the government believes are fraudulent and by how much the government believes Mr. Pendergrass understated his income have not become evident.

In addition, given the sheer number of documents involved, it is simply not possible to guess which documents support which allegations contained in the indictment.  Under these circumstances, a bill of particulars indicating which documents pertain to which allegations would enable counsel to prepare for trial and avoid surprise.  As a result, justice requires that the government provide a bill of particulars so that Mr. Pendergrass can prepare for trial.

### A.    Counts Four through Seven

Counts Four through Seven of the Indictment in this case charge Mr. Pendergrass with violations of 26 U.S.C. Sec. 7206(1).  In these counts, Mr. Pendergrass is charged with having signed tax returns for years 1999 through 2002 which he allegedly knew to be false in terms of the amount of "Total Income" indicated on the returns.

Therefore, <u>for each of these counts</u>, Mr. Pendergrass requests a bill of particulars stating and/or providing the amount by which the "Total Income" is overstated and the source of the excess income which is allegedly not reflected on the tax returns.

### B.    Counts Eight through Eleven

Counts Eight through Eleven of the Indictment in this case charge Mr. Pendergrass with violations of 26 U.S.C. Sec. 7206(1).  In these counts, Mr. Pendergrass is charged with having signed tax returns for years 1999 through 2002 which he allegedly knew to be false in terms of the amount of "Total Deductions" indicated on the returns.

Therefore, <u>for each of these counts</u>, Mr. Pendergrass requests a bill of particulars stating and/or providing the specific deductions the government alleges are fraudulent.  If only a portion of a specific deduction is allegedly fraudulent, the defendant requests a specific description and amount of that portion of the deduction that is allegedly fraudulent.  In addition, the  amount by which the "Total Deductions" are allegedly overstated.

### CONCLUSION

For the reasons stated herein, defendant Jerry C. Pendergrass respectfully requests that his Motion for a Bill of Particulars be granted.

Respectfully submitted,

**HAYMAKER & HEROUX, P.C.**


_____*/s G. Kerry Haymaker*_____
G. Kerry Haymaker, B.P.R, #18695
943 Main Street
Nashville, Tennessee 37206
(615) 250-0050


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and exact copy of the foregoing Motion has been delivered by the U.S. Court Clerk Electronic Filing System to **Jimmie Lynn Ramsaur,** Assistant United States Attorney, 110 Ninth Avenue, South, Suite A961, Nashville, TN 37203-3870 and all other parties in the case on this the 2nd day of October, 2006.

_____*/s G. Kerry Haymaker*_____
G. Kerry Haymaker