UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | **No. 3:06-00147** |
| ) | **Judge Echols** |
| **JERRY C. PENDERGRASS, ALAN L.** ) | |
| **SATURN, ALAN D. MAZER, and** ) | |
| **JAMES M. HAMMONDS.** ) | |

## MEMORANDUM

Pending before the Court is a "Motion for Bill of Particulars" (Docket Entry No. 39) filed by Defendant Jerry C. Pendergrass ("Pendergrass"), to which the Government has responded in opposition. Defendant James M. Hammonds has filed a "Motion to Adopt" (Docket Entry No. 40) Pendergrass' Motion for a Bill of Particulars.

### I. FACTS

This is a criminal tax case in which a grand jury returned a nineteen count Indictment against Pendergrass, Hammonds, and two other Defendants, Alan L. Saturn ("Saturn") and Alan D. Mazer ("Mazer"). Count One alleges a conspiracy between Pendergrass, Saturn and Mazer to conceal Pendergrass' ownership in certain property by which Pendergrass was able to avoid liens and seizures by the Internal Revenue Service ("IRS") and for which Pendergrass ultimately received payment in the amount of $300,935.53. The same Defendants are charged in Count Two with concealing the true nature

1

and extent of Pendergrass' ownership in the property and his receipt of proceeds from the sale of said property so that Pendergrass could "evade and defeat the payment of a large part of the income tax due and owing by Defendant Jerry C. Pendergrass for the calendar years 1997 and 1998[.]"

Count Three charges Pendergrass and Hammonds with conspiring to defraud the United States in the ascertainment, assessment, and collection of tax revenue in relation to Pendergrass' individual income tax and in relation to the corporate income taxes of 822 Corporation, a corporation in which Pendergrass was the sole shareholder. It is alleged that for the tax years 1999 to, and including, 2002, these two Defendants caused to be prepared false income tax returns which included fraudulent deductions by 822 Corporation in a total amount of approximately $400,000.00. For that same period, it is alleged that Pendergrass received additional personal income totaling approximately $3,000,000.00, including unreported cash receipts from 822 Corporation and rental income which was not reported on his income tax returns. It is further alleged that Pendergrass' personal income tax returns did not report payments made for Pendergrass' personal expenses by 822 Corporation.

Counts Four through Seven allege that for each of the calendar years 2000 through 2003, Pendergrass willfully made and subscribed to tax returns in which he reported total income which was

2

substantially less than that earned or received.  In Counts Twelve Through Fifteen, Hammonds is alleged to have assisted and advised in the preparation of each of those returns in which Pendergrass is alleged to have substantially under-reported his total income.

Counts Eight through Eleven are charges relating to calendar years 2000 through 2003 in which Pendergrass is alleged to have made and subscribed to tax returns for 822 Corporation in which total deductions were substantially over-reported.  In Counts Sixteen through Nineteen, Hammonds is alleged to have assisted in the preparation of the tax returns for 822 Corporation for calendar years 2000 through 2003 in which the compensation of officers is falsely reported and the total deductions are overstated.

In the Motion for Bill of Particulars, Pendergrass seeks a statement from the Government which would provide the amount by which the total income is allegedly under-stated for each year covered by Counts Four through Seven.  Hammonds seeks the same information with respect to Counts Twelve through Fifteen which pertain to him.  Additionally, Pendergrass seeks a statement from the Government which indicates which specific deductions and the amount of deductions which are allegedly fraudulent in relation to Counts Eight through Eleven.  Hammonds seeks the same information with respect to Counts Sixteen through Nineteen.

3

## II.  APPLICATION OF LAW

Under Rule 7 of the Federal Rules of Criminal Procedure, "[t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged" and "shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." Fed. R. Crim. P. 7(c)(1). "The indictment must enable the defendant to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense." Allen v. United States, 867 F.2d 969, 971 (6th Cir. 1989). Courts utilize a common sense construction in determining whether an indictment sufficiently informs a defendant of an offense. Id.

In addition to setting forth the requirements for an Indictment, Rule 7 provides that the defendant may move for a bill of particulars and "[t]he court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). A trial court has discretion in granting or denying a motion for a bill of particulars. United States v. Robinson, 390 U.S. 853, 867 (6th Cir. 2004).

"The function of a bill of particulars is 'to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes.'" United States v. Crayton, 357 F.3d 560, 568

4

(6th Cir. 2004)(citation omitted). "A bill of particulars 'is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial,'" id., and thus "is not to be used for discovery purposes." United States v. Shepard, 462 F.3d 847, 859 (8th Cir. 2006).

In deciding on whether to grant a motion for a bill of particulars, the court can consider such factors as (1) the complexity of the charges, (2) the clarity of the indictment and (3) the degree of discovery available to the defendant. United States v. Sorich, 427 F.Supp.2d 820, 838 (N.D. Ill. 2006); United States v. Santiago, 174 F.Supp.2d 16, 36 (S.D.N.Y. 2001). These factors counsel against granting the Motion for a Bill of particulars in this case.

Though there are numerous counts against several defendants, this case does not appear to be overly-complex. The essence of the Indictment is alleged misrepresentations regarding tax returns for specified years for Pendergrass and 822 Corporation. The Indictment is sufficiently detailed and clear. See, United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993)("A court does not abuse its discretion by denying a bill of particulars in light of a detailed indictment").

While Defendants Pendergrass and Hammonds seek further detail in relation to the amount by which the total income is allegedly understated for each year and the source(s) of the alleged excess-

5

income, Count Three of the Indictment states that the total income on the four individual returns is understated by approximately $3,000,000.00 and that the sources of the unreported income are cash receipts from 822 Corporation, rental income, and the payment of Pendergrass' personal expenses by 822 Corporation.

Similarly, while Defendants request further detail about the deductions, Count Three alleges that the total deductions are overstated by approximately $400,000 and that the overstatement resulted from the corporation taking deductions for expenses that were actually the personal expenses of Pendergrass or other businesses he owned.

Finally, there is no dispute that the Defendants have been provided with discovery. In fact, the parties point out that the Government has provided Defendants in excess of 6,500 pages of discovery in this case. See United States v. Hedman, 2006 WL 290551 at *2 (D.S.C. 2006)(denying motion for bill of particulars where government "represented to the Court that it had supplied extensive discovery and because the Superseding Indictment . . . provides the Defendant with the essence of the charges against him"); United States v. Chalmers, 410 F.Supp.2d 278, 286 (S.D.N.Y. 2006)("the Government has provided extensive discovery, minimizing the need for a bill of particulars"); United States v. Kemp, 2004 WL 7857867 at *8 (E.D. Pa. 2004)(collecting cases)("Courts are especially reluctant to direct the filing of a bill of particulars

6

when the government has provided the defendant with extensive pretrial discovery").

The Indictment in this case states the elements of the offenses charged and informs Defendants of the nature of the charges so that they can prepare a defense and plead any judgment entered as a bar to any later prosecution for the same offenses. Given that "a bill of particulars must be necessary, not just helpful to a defendant's preparation for trial" and that a bill of particulars "may not be used to compel the Government to provide pre-trial evidentiary details about its case," Santiago, 174 F.Supp.2d at 36, Pendergrass' "Motion for a Bill of Particulars" will be denied.

### III. CONCLUSION

On the basis of the foregoing, the Motion for Bill of Particulars (Docket Entry No. 39) filed by Defendant Jerry C. Pendergrass, and in which Defendant Hammonds has moved to join, will be denied.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE