UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA,    )
                             )
        v.                   )       Case No. 3:06-00147
                             )       Judge Echols
JERRY C. PENDERGRASS, ALAN L. )
SATURN, ALAN D. MAZER, and   )
JAMES M. HAMMONDS.           )

**MEMORANDUM**

Pending before the Court is the Joint Motion for Severance of Counts filed by Defendants Alan L. Saturn ("Saturn") and Alan D. Mazer ("Mazer") (Docket Entry No. 50).[1]  Defendant James M. Hammonds ("Hammonds") has filed a response indicating no objection to the Motion (Docket Entry No. 53).  The Government filed a belated response in which it indicated that "out of an abundance of caution" it had no objection to a continuance under Rule 14 of the Federal Rules of Criminal Procedure.  (Docket Entry No. 57 at 1). The remaining Defendant, Jerry C. Pendergrass ("Pendergrass"), has not responded to the Motion.

**I. FACTS**

The facts have been previously reviewed by the Court in relation to a Motion for Bill of Particulars filed by Defendants Pendergrass and Hammonds.  They are as follows.

---

[1]Those two Defendants also filed a Joint Motion for Oral Argument (Docket Entry No. 53) in relation to the Motion for Severance.  Because the Court finds that oral argument will not materially advance its consideration of the Motion for Severance, the request for oral argument will be denied.

This is a criminal tax case in which a grand jury returned a nineteen count Indictment against the four Defendants. Count One alleges a conspiracy between Pendergrass, Saturn and Mazer to conceal Pendergrass' ownership in certain property by which Pendergrass was able to avoid liens and seizures by the Internal Revenue Service ("IRS") and for which Pendergrass ultimately received payment in the amount of $300,935.53. The same Defendants are charged in Count Two with concealing the true nature and extent of Pendergrass' ownership in the property and his receipt of proceeds from the sale of said property so that Pendergrass could "evade and defeat the payment of a large part of the income tax due and owing by Defendant Jerry C. Pendergrass for the calendar years 1997 and 1998[.]" (Indictment, Count Two).

Count Three charges Pendergrass and Hammonds with conspiring to defraud the United States in the ascertainment, assessment, and collection of tax revenue in relation to Pendergrass' individual income tax and in relation to the corporate income taxes of 822 Corporation, a corporation in which Pendergrass was the sole shareholder. It is alleged that for the tax years 1999 to, and including, 2002, these two Defendants caused to be prepared false income tax returns which included fraudulent deductions by 822 Corporation in a total amount of approximately $400,000. For that same period, it is alleged that Pendergrass received additional personal income totaling approximately $3,000,000, including unreported cash receipts from 822 Corporation and rental income which was not reported on his income tax returns. It is further

2

alleged that Pendergrass' personal income tax returns did not report payments made for Pendergrass' personal expenses by 822 Corporation.

Counts Four through Seven allege that for each of the calendar years 2000 through 2003, Pendergrass willfully made and subscribed to tax returns in which he reported total income which was substantially less than that earned or received. In Counts Twelve Through Fifteen, Hammonds is alleged to have assisted and advised in the preparation of each of those returns in which Pendergrass is alleged to have substantially under-reported his total income.

Counts Eight through Eleven are charges relating to calendar years 2000 through 2003 in which Pendergrass is alleged to have made and subscribed to tax returns for 822 Corporation in which total deductions were substantially over-reported. In Counts Sixteen through Nineteen, Hammonds is alleged to have assisted in the preparation of the tax returns for 822 Corporation for calendar years 2000 through 2003 in which the compensation of officers is falsely reported and the total deductions are overstated.

The essence of Saturn and Mazer's argument in relation to severance is that there are two distinct conspiracies alleged in the Indictment. The conspiracy alleged in Count One and the substantive evasion of tax payment that follows it (Count Two) focus on one real estate transaction and whether Saturn and Mazer, in their role as real estate attorneys, attempted to conceal Defendant Pendergrass' receipt of proceeds from the sale of a certain piece of residential property to avoid liens and seizures

by the IRS.  In contrast, the balance of the Indictment (Counts Three through Nineteen) charges co-defendants Pendergrass and his bookkeeper and tax preparer, Hammonds, with a separate conspiracy mirrored by a series of substantive Title 26 violations, all aimed at defeating the collection of corporate and individual income taxes.  Saturn and Mazer assert there is no commonality between the simple, one transaction conspiracy alleged in Count One and the overarching tax fraud conspiracy alleged against Pendergrass and Hammonds in Count Three.

## II.  **APPLICATION OF LAW**

Rule 8 of the Federal Rules of Criminal Procedure provides that two or more offenses may be charged in the same indictment "[i]f the offenses charged . . . are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  Rule 8(b) provides that the indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same serious of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).

Joinder under Rule 8 is permissive and hence "the district court may, to the extent it is consistent with due process principles, construe the Rule broadly to 'promote the goals of trial convenience and judicial efficiency.'"  United States v. Graham, 275 F.3d 490, 512 (6th Cir. 2001)(citation omitted).  The "'predominant consideration' of a decision regarding joinder . . .

4

is 'whether joinder would serve the goals of trial economy and convenience[.]" United States v. Frost, 125 F.3d 346, 390 (6th Cir. 1997). Whether joinder is proper "is determined by the allegations on the face of the indictment." United States v. Chavis, 296 F.3d 450, 456 (6th Cir. 2002).

This Court's review of the Indictment in this case suggests that Counts One and Two may not have been properly joined with the remaining counts. While, as Defendants Saturn and Mazer point out, there may be a "vague thematic connection among [the] offenses," (Docket Entry No. 51 at 4), in that Pendergrass is alleged to have engaged in assorted schemes to avoid paying taxes, the tax lien avoidance offenses charged against Pendergrass and his attorneys (Defendants Saturn and Mazer) and the false tax return charges against Pendergrass and his bookkeeper (Hammonds) are distinct and easily severable. Several observations lead to this conclusion.

First, apart from the catch-all conspiracy provision of 18 U.S.C. § 871 and the aiding and abetting provision of 18 U.S.C. § 2, the substantive offenses are different. Pendergrass, Saturn and Mazer are charged with attempting to evade or defeat taxes in violation of 26 U.S.C. § 7201, whereas Pendergrass and Hammonds are charged with fraud and false statements in relation to tax returns in violation of 26 U.S.C. § 7206. "Whether charges are laid under the same statute" is among the factors which a court may consider in determining the propriety of joinder. United States v. Edgar, 82 F.3d 499, 503 (1st Cir. 1996).

Second, although there is some overlap, the time frame of the alleged violations is different. Counts One and Two allege a conspiracy running from on or about August 1996 until September 2001, whereas the remaining counts allege offenses occurring from on or about January 1999 until December 2003. "The time frame in which the charged conduct occurred" is another factor which may be considered in determining whether counts are properly joined. Id.

Third, it does not appear that the evidence relating to the two sets of conspiracies would be admissible in separate trials and this gives rise to concerns under Rule 404(b) of the Federal Rules of Evidence. See, United States v. Sampson, 385 F.3d 183, 192 (2d Cir. 2004)(joinder of counts is improper where evidence relating to one set of counts could be used only to show propensity to commit other crime in violation of Rule 404(b)); United States v. Jackson, 208 F.3d 633, 638 (7th Cir. 2000)(the "real hazard" of misjoined counts is "jury confusion or jury bias if it hears evidence about crime B that it would not have heard if it only were considering crime A")); compare, United States v. Dijan, 37 F.3d 398, 402 (7th Cir. 2002)(holding that joinder of charges was not prejudicial because evidence for each set of counts was mutually admissible to show the defendant's motive, intent, and pattern of criminal behavior). Hammonds is not an alleged coconspirator with Saturn and Mazer and his conduct does not appear to be in furtherance of the alleged conspiracy between Pendergrass, Saturn and Mazer. Further, the evidence in relation to either of the alleged schemes does not appear to be evidence which could be used to prove the

elements of the other. In other words, proving one scheme would
not assist the Government in proving the other scheme. Further,
evidence of the scheme involving Pendergrass and Hammonds could
serve to inflame the passions and prejudice of the jury since there
appears to be no unifying principle adhering Counts One and Two to
the remaining counts in the Indictment, other than that Pendergrass
is alleged to have undertaken great pains to repeatedly avoid
paying taxes which were due and owing. Any evidence of
Pendergrass' motive, intent and pattern of criminal behavior in
Counts Three through Eleven would be highly prejudicial to Saturn
and Mazer, who are charged with participating with Pendergrass in
a separate conspiracy in Count One and in assisting Pendergrass in
concealing his ownership or receipt of sales proceeds to evade
income in 1997 and 1998, as charged in Count Two. In balancing the
Rule 403 requirements in connection with admissibility
considerations under Rule 404(b), the Court would exclude the
Pendergrass - Hammond evidence from the Pendergrass - Saturn and
Mazer evidence.

Given the foregoing, Counts One and Two can be viewed as not
having been properly joined with the other counts because the acts
or transactions do not appear to be connected together nor would it
appear that the same evidence would be used to prove each count.
United States v. Amato, 15 F.3d 230, 236 (2d Cir. 1994). Such a
conclusion would mandate severance. Chavis, 296 F.3d at 456 ("[i]f
joinder of multiple defendants or multiple offenses does not comply
with the requirements of Rule 8, the district court has no

discretion on the question of severance"). However, even if the charges against Pendergrass, Saturn and Mazer are properly joined with those against Pendergrass and Hammond, the Court would still sever the charges and conduct separate trials under Rule 14 of the Federal Rules of Criminal Procedure.

Rule 14 provides that "[i]f the joinder of offenses or defendants in an indictment . . . appear to prejudice a defendant or the government, the Court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires." Fed. R. Crim P. 14(a). "This rule contemplates that joinder under Rule 8 can be proper and, at the same time, severance can be required." United States v. Cardwell, 433 F.3d 378, 387 (4th Cir. 2005).

Rule 14 "leaves the determination of the risk of prejudice and appropriate remedy, if any, to the sound discretion of the trial judge" and "[t]he district court's determination in this area is thus entitled to great deference." United States v. Breinig, 70 F.3d 850, 853 (6th Cir. 1995). Nevertheless, the Supreme Court has admonished that "when defendants properly have been joined . . . a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 938 (1993).

In this case, the Court finds that a joint trial in this case presents a serious risk of compromising the trial rights of

Defendants Saturn and Mazer. There appears to be no commonality between the one (albeit continuing transaction) involving Pendergrass, Saturn and Mazer and the overarching tax fraud conspiracy relating to four years of tax returns involving Pendergrass and Hammonds in which Pendergrass is alleged to have falsely included $400,000 in personal expenses and failed to include $3,000,000 in unreported cash receipts. The evidence relating to the two separate conspiracies also bespeaks their apparent differences. The Government has indicated that it provided Defendants with 6,500 pages in 54 banker's boxes of material related to the Pendergrass/Hammonds conspiracy and substantive counts, whereas Defendants Saturn and Mazer represent that the number of documents relating to the charges against them contained in Counts One and Two is no more than 200 pages. (Docket Entry No. 51 at 3). To allow the case to go forward in its present posture would allow the Government to do indirectly that which it could not do directly – submit otherwise inadmissible and/or prejudicial evidence relating to completely unrelated ventures against Saturn and Mazer. Such introduction of evidence raises the real prospect that the jury could infer guilt on the part of Saturn and Mazer because of the spill-over proof related to the alleged extensive tax fraud behavior of Pendergrass and Hammonds in unrelated situations. To prevent this possibility, the Court will sever Counts One and Two from the remainder of the Indictment.

## III.  CONCLUSION

For the foregoing reasons, the "Joint Motion of Defendants Saturn & Mazer for Severance of Counts" (Docket Entry No. 50) will be granted and Counts One and Two of the Indictment in this case will be tried separately from Counts Three through Nineteen.

An appropriate Order will be entered.


_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE