IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:06-00147 |
| | ) | Senior Judge Echols |
| JERRY C. PENDERGRASS | ) | |

## PETITION TO ENTER A PLEA OF GUILTY

I, **Jerry C. Pendergrass**, respectfully represent to the Court as follows:

(1) My true full name is Jerry Carl Pendergrass, and I declare that all proceedings against me be had in that name. My year of birth is 1940. I completed thirteen (13) years of formal education.

(2) My retained lawyers are **Kimberly S. Hodde** and **Peter J. Strianse.**

(3) I have received a copy of the Indictment before being called upon to plead and have read and discussed it with my lawyers, and I believe and feel that I understand every accusation made against me in the Indictment.

(4) I have told my lawyers the facts and surrounding circumstances concerning the matters mentioned in the Indictment and believe and feel that my lawyers know as much about this as I do. My lawyers have counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyers have explained each element of the crimes charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalties for the offenses with which I am convicted or charged in the Indictment are as follows:

> **Count Two**: (26 U.S.C. §7201), Attempt to Evade or Defeat Tax-carries not more than five (5) years imprisonment, a fine of not more than $100,000.00, not more than three (3) years of supervised release and a $100.00 special assessment.



**Count Three:** (18 U.S.C. § 371), Conspiracy to Defraud the United States - carries not more than five (5) years imprisonment, a fine of not more than $250,000.00, not more than three (3) years of supervised release and a $100.00 special assessment.

**Count Four through Seven:** (26 U.S.C. §7206(1)), False Statement on a Personal Return (1040) - carries not more than three (3) years imprisonment, a fine of not more than $100,000.00, not more than one (1) year of supervised release and a $100.00 special assessment.

**Count Eight through Eleven:** (26 U.S.C. §7206(1)), False Statement on a Corporate Return (1120) - carries not more than three (3) years imprisonment, a fine of not more than $100,000.00, not more than one (1) year of supervised release and a $100.00 special assessment.

(6) I have been advised that I will be sentenced to a sentence sufficient but not greater than necessary to satisfy the goals of sentencing specified in 18 U.S.C. § 3553(a). One consideration will be Guidelines established by the United States Sentencing Commission. I understand that these Guidelines are advisory, but that the Court must take account of the Guidelines together with other sentencing goals. My lawyers and I have discussed the calculation of the Guidelines in my case. My lawyers have given me an estimate of the Guidelines range that may apply in my case. My lawyers estimate that my Guideline range is **thirty (30) to thirty-seven (37) months [the defense and the government calculate the range using USSG §§2T1.1 and 2T4.1 for a Base Offense Level of 22, no specific offense characteristic adjustments and three (3) levels for acceptance of responsibility applied to all conduct].** I realize that this is simply my lawyers' estimate. I understand that my advisory Guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case. This estimation is subject to challenge by either me or the government. The final Guideline calculation will be made by the Court. I further understand that I may be sentenced to a fine to be calculated through the Guidelines. No fine will be imposed if the Judge finds me unable to pay any fine. Considered in this fine may be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision. The Court may also order that restitution be made to any victim of the offense. I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit unless waived in the plea agreement.

(7) I understand that I am not eligible for a sentence of probation if I receive any sentence of imprisonment or am convicted of a Class A or Class B felony punishable by twenty or more years imprisonment. I have been informed that under the present federal sentencing system there is no parole. I will receive only 54 days good time per year, and it will not vest until the end of each year. I further understand that, if I am sentenced to a period of supervised release and I violate the terms of that supervised release, upon revocation, I could be imprisoned again.

2

(8) I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law that (a) I cannot vote in Tennessee; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation, parole, or supervised release whether state or federal, the fact that I have been convicted may be used to revoke my probation, parole or supervised release regardless of what sentence I receive on this case; (d) If I am convicted of any crime in the future, whether state or federal, this conviction may be used to increase any sentence that I receive, including up to life imprisonment; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others.

(9) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY," and that if I choose to plead "NOT GUILTY," the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor; and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the Court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead just as if a jury found me guilty of the charge(s) following a trial, and that the Court may impose sentence upon me as if I had been convicted by a jury or, if there is one, may sentence me within the limits set forth in the plea agreement stated in paragraph (13) herein.

(10) No officer or agent of any branch of government (federal, state or local), nor any other person, has guaranteed me what sentence I will receive. If there are any agreements between myself and my lawyers and the prosecution concerning my plea they are fully set forth in paragraph (13) below. I understand that even with a plea agreement no person can bind the Judge to give any particular sentence in my case. If the Judge rejects an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) or (C), I will be offered the opportunity to withdraw my guilty plea. If the Judge rejects a recommendation made pursuant to Rule 11(c)(1)(B), I have no right to withdraw my plea. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated.

(11) My lawyers have done all the investigation and research in this case that I have asked them to do and I am satisfied with their representation at this point.



3

(12) Fully understanding my rights to plead "NOT GUILTY" and fully understanding the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows:

Plea of Guilty to Counts Four through Eleven of the Indictment.

(13) This plea is a result of a plea agreement between my lawyers and the prosecution under the provisions of Rule 11 of the Federal Rules of Criminal Procedure. The plea agreement is as follows:

The particularized terms and conditions of the plea agreement are contained in the attached "Plea Agreement" from Assistant United States Attorney Jimmie Lynn Ramsaur.

(14) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also my lawyers have explained to me, and I feel and believe I understand, the statements set forth in the Indictment, and in this Petition, and in the "Certificate of Counsel" which is attached to this petition.

(15) I am not under the influence of either drugs or alcohol.

(16) I request the Court to enter now my plea of "GUILTY" as set forth in paragraph (12) of this Petition, in reliance upon my statements made in this Petition.

(17) Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I hereby waive the provisions of Rule 32 F.R.Cr.P. to the extent that such provisions conflict with 18 U.S.C. §3552(d), and agree that the pre-sentence report may be disclosed to the U.S. Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyers, this the _13_ day of November, 2007.

JERRY C. PENDERGRASS

4

## ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement are accurately stated above.


**JIMMIE LYNN RAMSAUR, ESQ.**
Attorney for Government


**JENNY L. GRUS, ESQ.**
Attorney for Government

## CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for **Jerry C. Pendergrass,** hereby certifies as follows:

(1) I have read and fully explained to **Jerry C. Pendergrass,** all the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is in all respects accurate and true;

(3) In my opinion the plea of "GUILTY" as offered by **Jerry C. Pendergrass,** in paragraph (12) of the foregoing petition, is voluntarily and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (12) of the foregoing petition.

Signed in open court in the presence of **Jerry C. Pendergrass,** this _13th_ day of November, 2007.


**KIMBERLY S. HODDE, ESQ.**
Attorney for Defendant


**PETER J. STRIANSE, ESQ.**
Attorney for Defendant

6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:06-00147 |
| | ) | Senior Judge Echols |
| JERRY C. PENDERGRASS | ) | |

## ORDER

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of counsel and for all proceedings heretofore had in this case, it is ORDERED that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

DONE in open court this _13th_ day of _November_, 2007.


_____
**ROBERT L. ECHOLS**
**United States District Judge**

7

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 3:06-00147 |
| v. | ) | Judge Robert L. Echols |
| | ) | |
| JERRY C. PENDERGRASS | ) | |

## PLEA AGREEMENT

The United States of America, through Edward M. Yarbrough, United States Attorney for

the Middle District of Tennessee, and Jimmie Lynn Ramsaur, Assistant United States Attorney,

Jenny L. Grus, Trial Attorney, Department of Justice, Tax Division, and defendant, Jerry C.

Pendergrass, and defendant's counsel, Peter J. Strianse and Kimberly S. Hodde, pursuant to Rule

11 of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and

conditions of which are as follows:

### Charges in This Case

1.      Defendant acknowledges that he has been charged in the indictment in this case with

filing false income tax returns in violation of Title 26, United States Code, Section 7206(1).

2.      Defendant has read the charges against him contained in the indictment, and those

charges have been fully explained to him by his attorney.  Defendant fully understands the nature

and elements of the crimes with which he has been charged.

### Charges to Which Defendant is Pleading Guilty

3.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to

Counts Four through Eleven of the indictment, charging filing false income tax returns.

## Penalties

4.      The parties understand and agree that the offenses to which defendant will enter a plea of guilty carries the following maximum terms of imprisonment and fines: three years imprisonment; $100,000 fine, one year supervised release, $100 special assessment. Defendant further understands that the Court may order restitution to the victims of the offense.

## Acknowledgments and Waivers Regarding Plea of Guilty

## Nature of Plea Agreement

5.      This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 3:06-00147.

6.      Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)      If defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b)      If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause when actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that

2

defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charge(s) beyond a reasonable doubt; that it could not convict defendant on the charge(s) in the indictment unless; after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

(c)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(e)     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

7.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial.

8.     The parties have no reason to believe that defendant suffers from any mental health

3

or physical problems that would affect his competency to plead guilty.

## Factual Basis

9.     Defendant will plead guilty because he is in fact guilty of the charges contained in Counts Four through Eleven of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

With respect to Count 4 of the indictment, defendant admits that on or about October 13, 2000, in the Middle District of Tennessee and elsewhere, he did willfully make and subscribe an individual income tax return, Form 1040, for the 1999 calendar year, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service. The Defendant did not believe that this tax return was true and correct as to every material matter in that the tax return included a false item, namely Line 22 - Total income, in the amount of $519,233, whereas as defendant then and there well knew and believed, he had income substantially in excess of the amount reported.

Defendant failed to include various sources of income that he received during the 1999 calendar year in total income on this tax return. The unreported income included rental income, interest income, and income received in cash from 822 Corporation. The unreported income for 1999 totaled approximately $417,774.63. The approximate tax loss for these items is $165,439.

With respect to Count 5 of the indictment, defendant admits that on or about October 15, 2001, in the Middle District of Tennessee and elsewhere, he did willfully make and subscribe an individual income tax return, Form 1040, for the 2000 calendar year, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service. The Defendant did not believe that this tax return was true and correct as to every material

4

matter in that the tax return included a false item, namely Line 22 - Total income, in the amount of $635,982, whereas as defendant then and there well knew and believed, he had income substantially in excess of the amount reported.

Defendant failed to include various sources of income that he received during the 2000 calendar year in total income on this tax return. The unreported income included rental income, interest income, and income received in cash from 822 Corporation. The unreported income for 2000 totaled approximately $611,660.54. The approximate tax loss for these items is $242,217.

With respect to Count 6 of the indictment, defendant admits that on or about October 14, 2002, in the Middle District of Tennessee and elsewhere, he did willfully make and subscribe an individual income tax return, Form 1040, for the 2001 calendar year, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service. The Defendant did not believe that this tax return was true and correct as to every material matter in that the tax return included a false item, namely Line 22 - Total income, in the amount of $480,746, whereas as defendant then and there well knew and believed, he had income substantially in excess of the amount reported.

Defendant failed to include various sources of income that he received during the 2001 calendar year in total income on this tax return. The unreported income included rental income and income received in cash from 822 Corporation. The unreported income for 2001 totaled approximately $866,996. The approximate tax loss for these items is $338,996.

With respect to Count 7 of the indictment, defendant admits that on or about October 15, 2003, in the Middle District of Tennessee and elsewhere, he did willfully make and subscribe an individual income tax return, Form 1040, for the 2002 calendar year, which was verified by a written

5

declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service. The Defendant did not believe that this tax return was true and correct as to every material matter in that the tax return included a false item, namely Line 22 - Total income, in the amount of $22,664, whereas as defendant then and there well knew and believed, he had income substantially in excess of the amount reported.

Defendant failed to include various sources of income that he received during the 2002 calendar year in total income on this tax return. The unreported income included rental income, wage income, and income received in cash from 822 Corporation. The unreported income for 2002 totaled approximately $1,106,580.77. The approximate tax loss for these items is $385,635.

Computations of unreported income and the additional tax due and owing as to Counts Four through Seven are attached to this plea agreement as Exhibits 1 and 2. The total unreported income for the tax years 1999 through 2002 is $3,003,011.94, resulting in total additional individual tax due and owing as to Counts Four through Seven is $1,132,288.00.

With respect to Count 8 of the indictment, defendant admits that on or about September 12, 2000, in the Middle District of Tennessee and elsewhere, he did willfully make and subscribe the corporate tax return, Form 1120, for the 1999 calendar year, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service. The Defendant did not believe that this tax return was true and correct as to every material matter in that the tax return included a false item, namely Line 27 - Total deductions, in the amount of $1,091,194, whereas as defendant then and there well knew and believed, the true and correct total deductions were substantially less than the amount reported.

Defendant included expenses, such as utilities and various other payments, that he knew were

6

personal in nature and were not deductible to 822 Corporation in the total deductions reported on the tax return. The total fraudulent deductions included on the 1999 corporate tax return totaled approximately $116,283.15. The approximate tax loss for these items is $45,350.55.

With respect to Count 9 of the indictment, defendant admits that on or about September 15, 2001, in the Middle District of Tennessee and elsewhere, he did willfully make and subscribe the corporate tax return, Form 1120, for the 2000 calendar year, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service. The Defendant did not believe that this tax return was true and correct as to every material matter in that the tax return included a false item, namely Line 27 - Total deductions, in the amount of $822,493, whereas as defendant then and there well knew and believed, the true and correct total deductions were substantially less than the amount reported.

Defendant included expenses, such as utilities and various other payments, that he knew were personal in nature and were not deductible to 822 Corporation in the total deductions reported on the tax return. The total fraudulent deductions included on the 2000 corporate tax return totaled approximately $57,554.39. The approximate tax loss for these items is $20,425.27.

With respect to Count 10 of the indictment, defendant admits that on or about September 14, 2002, in the Middle District of Tennessee and elsewhere, he did willfully make and subscribe the corporate tax return, Form 1120, for the 2001 calendar year, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service. The Defendant did not believe that this tax return was true and correct as to every material matter in that the tax return included a false item, namely Line 27 - Total deductions, in the amount of $1,065,241, whereas as defendant then and there well knew and believed, the true and correct

7

total deductions were substantially less than the amount reported.

Defendant included expenses, such as utilities and various other payments, that he knew were personal in nature and were not deductible to 822 Corporation in the total deductions reported on the tax return. The total fraudulent deductions included on the 2001 corporate tax return totaled approximately $167,640.34. The approximate tax loss for these items is $61,905.08.

With respect to Count 11 of the indictment, defendant admits that on or about December 16, 2003, in the Middle District of Tennessee and elsewhere, he did willfully make and subscribe the corporate tax return, Form 1120, for the 2002 calendar year, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service. The Defendant did not believe that this tax return was true and correct as to every material matter in that the tax return included a false item, namely Line 27 - Total deductions, in the amount of $745,605, whereas as defendant then and there well knew and believed, the true and correct total deductions were substantially less than the amount reported.

Defendant included expenses, such as utilities and various other payments, that he knew were personal in nature and were not deductible to 822 Corporation in the total deductions reported on the tax return. The total fraudulent deductions included on the 1999 corporate tax return totaled approximately $82,249.59. The approximate tax loss for these items is $27,965.22.

Computations of false deductions and the corrected tax due and owing as to Counts Eight through Eleven are attached to this plea agreement as Exhibits 3 and 4.

Defendant also acknowledges that the tax harm associated with Count 2 of the Indictment, of which defendant was convicted in May 2007, is $428,704.00. Defendant fully paid this amount to the IRS in 2001.

8

(a)     Defendant also acknowledges that for the purpose of determining the applicable advisory sentencing range under the United States Sentencing Guidelines (hereinafter "U.S.S.G."), the following conduct, to which he stipulates, constitutes relevant conduct under U.S.S.G. §1B1.3: Defendant acknowledges that his corporate tax returns contained additional false items for tax years 1999 through 2002, because the returns included fraudulent amounts within the cost of goods sold on Line 2 of those returns. These false items consisted of payments from the bank account of 822 Corporation that defendant falsely categorized as payments for merchandise by 822 Corporation. These payments were not for merchandise, but were payments for defendant's personal expenses. These payments were fraudulently included in the Cost of Goods Sold on Line 2 of the Forms 1120 for 822 Corporation for years 1999 through 2002, and they were fraudulently deducted from the Gross receipts or sales on Line 1a of the Forms 1120 for 822 Corporation for these years. The total of the fraudulent items included in the cost of goods sold by Pendergrass were $40,605.65, $6,780.15, $15,250.00, and $132,782.50, respectively for tax years 1999 through 2002.

The computation of false cost of goods sold (merchandise) is attached as Exhibit 5. The approximate tax loss associated with these false items is $66,442.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

## Sentencing Guidelines Calculations

10.     The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with other sentencing goals, and will

9

consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2007.

11. For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant agree on the following points:

(a) **Offense Level Calculations.**

i. The base offense level for the counts of conviction (including Count Two of the indictment) and relevant conduct is 22, pursuant to U.S.S.G. § 2T1.1(a)(1);

ii. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), for all counts of conviction and relevant conduct including Count Two. Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

iii. Each party shall have the right to request a variance, that is, a sentence outside the applicable guidelines range.

(b) **Criminal History Category**. Based upon the information now known to the government (including representations by the defense), defendant has no relevant criminal history.

10

(c) **Anticipated Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 19, which, combined with the anticipated Criminal History Category of I, would result in an anticipated advisory sentencing range of 30 to 37 months imprisonment **(the "Anticipated Guidelines Range")** and a fine range of $6,000 to $60,000. Defendant understands that the guidelines range as ultimately determined by the Court (the "applicable guidelines range") may be different from the Anticipated Guidelines Range.

(d) Defendant is aware that the Anticipated Guidelines Range, any estimate of the probable advisory sentencing range that defendant may have received from defendant's counsel, the United States, or the Probation Office is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Defendant understands that the Probation Office will conduct its own investigation, that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final U.S.S.G. calculations and thus the applicable guidelines range. Accordingly, the validity of this agreement is not contingent upon the Probation Officer's or the Court's concurrence with the above calculations. In the event that the Probation Office or the Court contemplates any U.S.S.G. adjustments, departures, or calculations different from those recommended above, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same. Defendant further acknowledges that if the Court does not accept the U.S.S.G. recommendations of the parties, defendant will have no right to withdraw his guilty plea.

## Agreements Relating to Sentencing

12.    Each party is free to recommend whatever sentence it deems appropriate.

13.    It is understood by the parties that the Court is neither a party to nor bound by this

11

Plea Agreement and, after consideration of the Sentencing Guidelines, may impose the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea. Similarly, defendant understands that any recommendation by the Court related to location of imprisonment is not binding on the Bureau of Prisons.

14.    Regarding restitution, the parties acknowledge that the approximate amount of restitution owed to the IRS is $1,354,676.10. Restitution shall be due immediately.

15.    Defendant agrees to pay the special assessment of $900 at or before the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

### Presentence Investigation Report/Post-Sentence Supervision

16.    Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

17.    Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of

12

justice under U.S.S.G. § 3Cl.l, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

18. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

19. Defendant understands that nothing in this Plea Agreement shall limit the Internal Revenue Service (IRS) in its collection of any taxes, interest, or penalties from defendant or defendant's partnerships or corporations. Defendant understands that the amount of tax, as calculated by the IRS, may exceed the amount of tax due as calculated for the criminal tax case.]

### Waiver of Appellate Rights

20. Defendant further understands he is waiving all appellate rights that might have been available if he exercised his right to go to trial and all appellate rights that might have been available with respect to Count Two of the indictment. It is further agreed that (i) defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Anticipated Guidelines Range and (ii) the government will not appeal any sentence within or above the Anticipated Guidelines Range. This provision is binding on the parties even if the Court employs a U.S.S.G. analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to defendant's sentence that is not foreclosed by this

13

provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulated U.S.S.G. analysis. Such waiver does not apply, however, to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel In exchange for the agreement made by defendant in waiving a sentence appeal, the United States of America similarly waives its right to appeal the sentence under 18 U.S.C. § 3742.

## Other Terms

21.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

22.     Defendant agrees to cooperate with the IRS in any tax examination or audit of defendant and defendant's partnerships or corporations that directly or indirectly relates to or arises out of the course of conduct defendant has acknowledged in this Plea Agreement, by transmitting to the IRS original records or copies thereof, and any additional books and records that the IRS may request. Nothing in this paragraph precludes defendant from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS.

23.     Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

24.     Defendant understands that the indictment and this Plea Agreement will be filed with the Court, will become matters of public record, and may be disclosed to any person.

25.     Defendant understands that his compliance with each part of this Plea Agreement

14

extends throughout the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may move to resentence defendant or require defendant's specific performance of this Plea Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Plea Agreement, or defendant breaches any of its terms and the government elects to void the Plea Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of such prosecutions.

26.     Defendant and his attorneys acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement, to cause defendant to plead guilty.

27.     Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorneys. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

28.     No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

29.     <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorneys and

fully understand all rights with respect to the pending indictment . Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorneys. I understand this Plea Agreement, and I voluntarily agree to it.

Date: Nov. 13 '(

_____
Jerry C. Pendergrass
Defendant

30. <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending indictment . Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 11/13/07

_____
Peter J. Strianse

Date: 11/13/07

_____
Kimberly S. Hodde

Respectfully submitted,

Edward M. Yarbrough
United States Attorney

By: _____
Jimmie Lynn Ramsaur
Assistant U.S. Attorney

16

Jenny L. Grus
Trial Attorney, Department of Justice,
Tax Division

Paul M. O'Brien
First Assistant U.S. Attorney/Criminal Chief

Approved and Accepted
on 11-13-07

Robert H. Whaley
United States District Judge

17